IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LISE SCULLY,

    Plaintiff,

vs.

HOLLYWOOD BEACH LLC
a Florida Limited Liability Company,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, LISE SCULLY, sues Defendant, HOLLYWOOD BEACH LLC, and shows:

### Introduction

1.  This is an action by LISE SCULLY against her former employer for violating the Family Medical Leave Act (FMLA) by interfering with her rights to leave because she has a parent with a serious health condition. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.  This action arises under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, *et. seq.* The Court has jurisdiction over the claims pursuant to 29 U.S.C. §§1331 and 29 U.S.C. §2617.

3.  Venue is proper in the Southern District of Florida, as the claims arose in Broward County, Florida.

### Parties

4.  Plaintiff, LISE SCULLY (hereinafter "Plaintiff" or "SCULLY"), was at all times material an employee of HOLLYWOOD BEACH LLC (hereinafter, "HOLLYWOOD BEACH"). SCULLY was an "eligible employee" as defined by 29 USC § 2611(2), in that she was employed for

at least twelve months by the Defendant and worked at least 1250 hours during the 12-month period prior to her exercising her rights under the FMLA.  In addition, Plaintiff was employed at a location where Defendant employed more than 50 employees within 75 miles of the worksite.

5. Defendant, HOLLYWOOD BEACH, is a Florida limited liability company which conducts business in Broward County, Florida and was an employer as defined by the FMLA.

## General Allegations

6. Plaintiff was employed by Defendant as a server from 2010 until February 2020.

7. Prior to August of 2019, Plaintiff's usual weekly schedule included Thursdays and Fridays off.

8. In August of 2019, Plaintiff's mother moved in with her. Plaintiff's mother suffers from various serious health conditions and requires around-the-clock care and visits from various nurses and care providers.

9. Plaintiff requested Mondays off on an ongoing basis to help care for her mother. The Assistant Food and Beverage Manager for HOLLYWOOD BEACH, Elio Chacon, agreed to take Plaintiff off the schedule on Mondays for the foreseeable future. The Food and Beverage Manager for HOLLYWOOD BEACH, John Naughton, was aware of this arrangement.

10. In December of 2019, Mr. Naughton was angered when he observed Plaintiff socially interacting with an employee that had accused him of sexual harassment.

11. At that point, Mr. Naughton took over scheduling from Mr. Chacon and scheduled Plaintiff for work on Monday, December 23, 2019, despite her previous request and arrangement with Mr. Chacon to have Mondays off to care for her mother.

12. Not only was Plaintiff scheduled on a Monday when she should have been caring for her mother, but she was scheduled for a section farthest from the kitchen, which is more physically

taxing than other sections. Mr. Naughton planned this knowing that Plaintiff suffers from her own physical disabilities and limitations stemming from a motorcycle accident.

13. Knowing the difficulties that would come with serving this section, Plaintiff spoke with the manager about switching with another server, who had already consented to the switch. The manager spoke with Mr. Naughton and was told that the schedule and assigned sections would stay as they were.

14. On January 14, 2020, in further retaliation of Plaintiff seeking to exercise her rights under FMLA, Mr. Naughton provided Plaintiff with a written reprimand stating that she was not performing her job to standard. This reprimand included an instruction that Plaintiff bring a note from a doctor regarding any disability she suffers. The reprimand also stated that Plaintiff was listed as having full weekly availability, despite Plaintiff clearly being given Thursdays and Fridays off for years previously.

15. The reprimand instructed Plaintiff to provide a written request for time off in the future, including for Thursdays and Fridays.

16. At the time she was given the reprimand, Plaintiff reiterated to HOLLYWOOD BEACH that she needed Mondays off to care for her disabled mother and that her physical limitations made it too difficult to work the section farthest from the kitchen. She was told she needed a doctor's note and to fill out the proper forms for her time off.

17. In response, Plaintiff performed all of the following actions in an attempt to comply with HOLLYWOOD BEACH's requests:

    a. Provided a handwritten note that requested Mondays, Thursdays, and Fridays off to care for her mother;

    b. Provided a note from her mother's doctor stating that Plaintiff needed time off to care for her mother;

3

    c.  Submitted a Day Off Request Form requesting Mondays, Thursdays, and Fridays off; and,

    d.  Submitted a completed Form WH-380-E, Certification of Health Care Provider for Employee's Serious Health Condition.

18. Despite all of the above attempts to request time off to care for her seriously ill mother, Mr. Naughton still scheduled Plaintiff for work on Monday, February 3, 2020 and Monday, February 10, 2020.

19. Understandably, Plaintiff could not continue in her position with HOLLYWOOD BEACH and also care for her mother. Plaintiff left her position at HOLLYWOOD BEACH and remains unemployed.

20. Mr. Naughton's actions in denying Plaintiff her rights under FMLA amounted to a constructive discharge of Plaintiff.

21. HOLLYWOOD BEACH, through Mr. Naughton's actions, has retaliated against Plaintiff, interfered with Plaintiff's FMLA rights, and discriminated against Plaintiff.

### Count I: FMLA Interference & Retaliation by HOLLYWOOD BEACH

22. Plaintiff realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 to 21 above.

23. Among the substantive rights granted by the FMLA to eligible employees are the right to "12 workweeks of leave during any 12- month period . . . . [i]n order to care for the… parent, of the employee, if such… parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C).

24. SCULLY was entitled to leave under the FMLA pursuant to 29 U.S.C. § 2612(a)(1)(C) because she has a mother with serious health conditions.

25. By denying SCULLY her requested leave to care for her disabled mother, Defendant denied or otherwise interfered with her substantive rights under the FMLA, 29 U.S.C. §§ 2615(a)(1),

and retaliated against Plaintiff for engaging in activity protected by the FMLA, 29 U.S.C. §§ 2615(a)(1) & (2).

26. By constructively terminating SCULLY by scheduling her on days she repeatedly informed Defendant she could not work in order to care for her seriously ill mother, Defendant denied or otherwise interfered with her substantive rights under the FMLA, 29 U.S.C. §§ 2615(a)(1), and retaliated against Plaintiff for engaging in activity protected by the FMLA, 29 U.S.C. §§ 2615(a)(1) & (2).

WHEREFORE, Plaintiff prays that this Court will grant judgment:

    a. finding Defendant's actions toward SCULLY to be violative of her rights under the FMLA;

    b. awarding SCULLY payment of all back wages and lost benefits found by the Court to be due under the FMLA;

    c. awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

    d. awarding SCULLY front pay for future wages lost due to her constructive discharge;

    e. granting such other and further relief as is just; and,

    f. awarding Plaintiff her costs, including a reasonable attorney's fee.

## JURY DEMAND

Plaintiff demands trial by jury on all counts so triable.

Dated: May 22, 2020
Plantation, Florida

        Respectfully submitted,

        */s/Robert S. Norell*
        Robert S. Norell, Esq. (Fla. Bar No. 996777)
        E-Mail: rob@floridawagelaw.com
        James A. Peterson, Esq. (Fla Bar No. 645621)
        E-Mail: james@floridawagelaw.com
        **ROBERT S. NORELL, P.A.**
        300 NW 70th Avenue
        Suite 305
        Plantation, FL 33317
        Telephone: (954) 617-6017
        Facsimile: (954) 617-6018
        Counsel for Plaintiff SCULLY